[Cite as *Ketterman v. Dept. of Rehab. & Corr.*, 2010-Ohio-3794.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MIKE KETTERMAN

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2009-09809-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On December 30, 2009, plaintiff, Mike Ketterman, filed a complaint against defendant, Department of Rehabilitation and Correction. Plaintiff alleges that his personal property was confiscated and destroyed without authority by defendant. Plaintiff seeks damages in the amount of $285.99.

{¶ 2} On March 18, 2010, defendant filed a motion to dismiss pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction and Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. Defendant supplied this court with a conduct report dated August 16, 2009, wherein the items listed in plaintiff's complaint were found to be contraband. A Hearing Officer's Report, dated August 19, 2009, revealed the plaintiff plead guilty to a rule 51 violation, having property over the allowable limits. The Hearing Officer ruled that all contraband should be destroyed. The decision was reviewed and affirmed by the chairman of the Rules Infraction Board on August 19, 2009.

{¶ 3} Accordingly, defendant asserts plaintiff's case should be dismissed. Plaintiff did not respond to defendant's motion to dismiss.

{¶ 4} Civ.R. 12(B) in pertinent part states:

{¶ 5} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

{¶ 6} Civ.R. 56(C) states, in part, as follows:

{¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St. 3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

{¶ 8} Plaintiff has no right to assert a claim for contraband property he has no right to possess.  *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 9} An inmate's appeal of a Rules Infraction Board decision does not relate to civil law, a proper subject for adjudication pursuant to Chapter 2743 of the Ohio Revised Code.  Instead, the appeal relates to private rights and remedies involving criminal proceedings and penalties imposed by a disciplinary board.  Therefore, it falls outside the court's exclusive jurisdiction.  *Maynard v. Jago* (1977), 76-051-AD.

{¶ 10} The court of claims does not have jurisdiction over decisions of the Rules Infraction Board.  *Chatman v. Dept. of Rehabilitation and Correction* (1985), 84-06323-AD; *Ryan v. Chillicothe Institution* (1981), 81-05181-AD; *Rierson v. Department of*

*Rehabilitation* (1981), 80-00860-AD.

{¶ 11} Therefore, defendant's motion to dismiss is GRANTED. Plaintiff's case is DISMISSED. The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Mike Ketterman                          Gregory C. Trout, Chief Counsel
Alternatives Agency, Inc.               Department of Rehabilitation
S.E.L.F. Center                         and Correction
1804 E. 55th Street                     770 West Broad Street
Cleveland, Ohio  44103                  Columbus, Ohio  43222

DRB/laa
Filed 4/9/10
Sent to S.C. reporter 8/13/10